FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 26, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORTHWEST RESTORATION OPERATING, INC., a Washington corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a foreign insurance company,<br><br>　　　　Defendant. | No. 2:25-CV-00096-MKD<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER<br><br>**ECF No. 22** |

The parties have submitted a Stipulated Protective Order to the Court, ECF No. 22. The Court finds good cause under Fed. R. Civ. P. 26(c) to issue an order to protect certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or undue burden or expense.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Stipulated Protective Order, **ECF No. 22**, is **GRANTED**.

ORDER - 1

# PROTECTIVE ORDER

## 1. PURPOSES AND LIMITATIONS

Defendant believes that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, this Court enters the following order, in similar form to the Western District of Washington's form Stipulated Protective Order.

The Protective Order does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Defendant to file confidential information under seal.

## 2. CONFIDENTIAL MATERIAL

"Confidential Material" shall include the following documents and tangible things produced or otherwise exchanged in discovery:

2.1  Claims of Defendant's training and procedure manuals, other similar materials that contain or consist of trade secrets, confidential, internal-use only, proprietary research and development, or other commercial information relating to first-party property coverage and/or claims.

2.2  Certain personnel records of defendant's employees involved in the

handling of the claim giving rise to this lawsuit.

3. <u>SCOPE</u>

 3.1 The protections conferred by this agreement cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Material.

 However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

 4.1 <u>Basic Principles</u>.  Plaintiff may use confidential material that is disclosed or produced by Defendant in connection with this case only for prosecuting or attempting to settle this litigation.

 Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential material must be stored and maintained by the receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

 4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the designating Party, a

receiving Party may disclose any confidential material only to:

    (a)    The receiving Party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    The officers, directors, and employees (including in-house counsel) of Plaintiff to whom disclosure is reasonably necessary for this litigation who have signed the "Acknowledgement and Agreement to Be Bound";

    (c)    Experts and consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    The court, including the court reporters and other court staff and personnel, mediators, arbitrators, jury consultants, or factfinder(s) while in trial;

    (e)    Copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the Party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

    (f)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the

ORDER - 4

"Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter at Defendant's expense and may not be disclosed to anyone except as permitted under this Order; and

(g)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    <u>Filing Confidential Material</u>.  Before filing Confidential Material or discussing or referencing such material in court filings, Plaintiff shall confer with Defendant to determine whether Defendant will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, Defendant must identify the basis for sealing the specific Confidential Material at issue, and Defendant shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Western District LCR 5(g) sets forth the procedures that must be followed, and the standards that will be applied when a Party seeks permission from the court to file material under seal, and the Eastern District of Washington hereby adopts the same for purposes of filing Confidential

Material under seal. A Party who seeks to maintain the confidentiality of its information must satisfy the requirement of LCR 5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied without prejudice.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Defendant must take care to limit any such confidential designation to specific material that qualifies under the appropriate standards. Defendant must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to Defendant's attention that information or items that it designated for protection do not qualify for protection, Defendant must promptly notify Plaintiff that it is withdrawing the mistaken designation.

      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this agreement (*see, e.g.*, section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

      (a)    <u>Information in documentary form</u>:  (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), Defendant must affix the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, Defendant also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

      (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: Defendant must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Defendant may, within 15 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If Defendant desires to protect confidential information at

ORDER - 7

trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: Defendant must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection, Defendant, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

    6.2    <u>Meet and Confer</u>.  The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good-faith effort to confer requires a face-to-face meeting or a telephone conference.

    6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, Defendant may file and serve a motion to retain confidentiality under LCivR 7.  The burden of persuasion in any such motion shall be on Defendant.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging party to sanctions.  All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

    7.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," that Party

ORDER - 9

must immediately:

    (a) Promptly notify the designating Party in writing and include a copy of the subpoena or court order;

    (b) Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, and such notification shall include a copy of this Order; and

    (c) Cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Confidential Material may be affected. The designating party may opt, at its sole discretion, on whether to incur the cost itself to protect the materials from production, or, in the alternative, to pay the non-designating party all fees and costs associated with or required by such cooperation.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**IT IS FURTHER ORDERED** that the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. *See* Fed. R. Evid. 502(d).  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing Party.

ORDER - 12

1 **IT IS SO ORDERED.** The District Court Executive is directed to file this

2 order and provide copies to the parties.

3         DATED November 26, 2025.

                <u>s/Mary K. Dimke</u>
4                 MARY K. DIMKE
          UNITED STATES DISTRICT JUDGE

ORDER - 13

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on this _____ day of _____, 202\_\_, _____ in the case of *Northwester Restoration Operating, Inc. v. Safeco Insurance Company of America*, No. 2:25-cv-00096-MKD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Within sixty (60) days of the final determination of this action, I shall provide written confirmation to counsel of record for Plaintiff that documents produced by Defendant Safeco Insurance Company of America (or disclosing the contents of documents) designated by Safeco Insurance Company of America as "Confidential" ("Confidential Information") has been shredded (if paper) or

ORDER - 14

deleted (if electronic), including the shredding and deletion of all copies, extracts and summaries thereof.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

_____
SIGNATURE

_____
PRINTED NAME

_____
CITY AND STATE WHERE SWORN/SIGNED

ORDER - 15